```
                                        FILED           RECEIVED
                                        ENTERED         SERVED ON
                                                COUNSEL/PARTIES OF RECORD

                                             FEB 2 2 2018

                                          CLERK US DISTRICT COURT
                                     BY:    DISTRICT OF NEVADA
                                                                   DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:15-CR-174-KJD-(PAL) |
| | 2:15-CR-193-KJD-(PAL) |
| Plaintiff, | |
| v. | Preliminary Order of Forfeiture |
| CHARLENE SCOTT, a.k.a. Charlene Brown, | |
| Defendant. | |

This Court finds that defendant Charlene Scott, a.k.a. Charlene Brown, pled guilty to the following:

As to the Superseding Indictment in *United States of America v. Michael Jones et al*, Case No.: 2:15-CR-174-KJD-(PAL) (*Jones*), Counts One through Four of an Eleven-Count Superseding Indictment charging her in Count One with Conspiracy to Commit Mail Fraud and Wire Fraud in violation of Title 18, United States Code, Sections 1341, 1343, and 1349 and in Counts Two through Four with Wire Fraud in violation of Title 18, United States Code, Section 1343. Superseding Indictment, ECF No. 38; Change of Plea, ECF No. 217; Plea Agreement, ECF No. 220.

As to the Criminal Indictment in *United States of America v. Charlene Scott*, Case No. 2:15-CR-193-KJD-(PAL)) (*Scott*), Counts One, Twenty-Two, Twenty-Three, Seventy-Three, Eighty-Six, Ninety, and Ninety-Two of a Ninety-Four-Count Criminal Indictment charging her

1  in Count One with Conspiracy to Commit Mail Fraud and Wire Fraud in violation of Title 18,
2  United States Code, Sections 1341, 1343, and 1349; in Counts Twenty-Two, Twenty-Three, and
3  Seventy-Three with Wire Fraud in violation of Title 18, United States Code, Section 1343; and
4  in Counts Eighty-Six, Ninety, and Ninety-Two with Mail Fraud in violation of Title 18, United
5  States Code, Section 1341. Criminal Indictment, ECF No. 1; Change of Plea, ECF No. 54 ;
6  Plea Agreement, ECF No. 55 .

7      This Court finds defendant Charlene Scott, a.k.a. Charlene Brown, agreed to the
8  forfeiture of the property and the imposition of the in personam criminal forfeiture money
9  judgment set forth in the Plea Agreement and the Forfeiture Allegations of the Superseding
10 Indictment *(Jones)* and the Criminal Indictment *(Scott)*. Superseding Indictment *(Jones)*, ECF
11 No. 38; Change of Plea *(Jones)*, ECF No. 211 ; Plea Agreement *(Jones)*, ECF No. 220;
12 Criminal Indictment *(Scott)*, ECF No. 1; Change of Plea *(Scott)*, ECF No. 51 ; Plea Agreement
13 *(Scott)*, ECF No. 55 .

14     This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of
15 America has shown the requisite nexus between property set forth in the Plea Agreement and the
16 Forfeiture Allegations of the Superseding Indictment *(Jones)* and the Criminal Indictment *(Scott)*
17 and the offenses to which defendant Charlene Scott, a.k.a. Charlene Brown, pled guilty.

18     The following property and money judgment are (1) any property, real or personal, which
19 constitutes or is derived from proceeds traceable to violations of Title 18, United States Code,
20 Sections 1341 and 1343, specified unlawful activities as defined in Title 18, United States Code,
21 Sections 1956(c)(7)(A) and 1961(1)(B), or Title 18, United States Code, Section 1349,
22 conspiracy to commit such offenses and (2) any real or personal property constituting, derived
23 from, or traceable to the gross proceeds obtained directly or indirectly as a result of violations of
24 Title 18, United States Code, Sections 1341 and 1343, or of Title 18, United States Code, Section
25 1349, conspiracy to commit such offenses, and are subject to forfeiture pursuant to Title 18,
26 United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c);

///

Title 18, United States Code, Section 982(a)(8)(B); and Title 21, United States Code, Section 853(p):

The property listed in the Superseding Indictment *(Jones)*, namely:

1. $50,018.53; and
2. $8,252.04

(all of which constitutes property)

and a total in personam criminal forfeiture money judgment of $2,393,635.34, divided among the consolidated indictments as follows:

1. $1,868,955.34 in *Jones*, not to be held jointly and severally liable with any codefendants, with the total amount collected in that matter not to exceed $3,574,992.35, and that the property will be applied toward the $3,574,992.35 amount, not the defendant's $1,868,955.34 amount and
2. $524,640 in *Scott*, not to be held jointly and severally liable with any codefendants, with the total amount collected in that matter not to exceed $7,934,095.32.

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States recover from Charlene Scott, a.k.a. Charlene Brown, an in personam criminal forfeiture money judgment of $2,393,635.34.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all right, title, and interest of Charlene Scott, a.k.a. Charlene Brown, in the aforementioned property is forfeited and is vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

///

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and Title 21, United States Code, Section 853(n)(2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to Title 21, United States Code, Section 853(n)(3) and Title 28, United States Code, Section 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

> Daniel D. Hollingsworth
> Assistant United States Attorney
> 501 Las Vegas Boulevard South, Suite 1100
> Las Vegas, Nevada 89101.

///

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED this 22 day of FEB, 2018.

_____
UNITED STATES DISTRICT JUDGE