UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     vs.<br><br>CHARLENE SCOTT,<br><br>            Defendant. | CASE NO: 2:15-cr-174-KJD-BNW<br>CASE NO: 2:15-cr-193-KJD-PAL<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER** |

## **FINDINGS OF FACT**

Based on the pending Stipulation of the parties, and good cause appearing therefore, the Court finds:

1. On February 22, 2018, the defendant, Charlene Scott ("Charlene") pleaded guilty to two (2) counts of Conspiracy to Commit Mail Fraud and Wire Fraud; six (6) counts of Wire Fraud; and three (3) counts of Mail Fraud. [ECF Nos. 217, 220]. On September 5, 2018, this Court sentenced Charlene to serve forty-six (46) months of incarceration in the Bureau of Prisons. [ECF Nos. 257, 265].

2. Following this Court's imposition of sentence, the parties, either jointly or individually, have requested to continue Charlene's self-surrender date due to healthcare concerns with Charlene, and/or her husband, Terry Brown ("Terry"), to whom Charlene provides daily care.

3. On May 11, 2020, this Court granted Charlene's request to continue her self-surrender date "based on the health and lack of available care of Defendant's husband…." [ECF No. 348]. Since that time Charlene has made numerous attempts to find an assisted living facility that could provide adequate treatment for her husband while she is in custody. However, all of the facilities Charlene contacted indicated they are not currently accepting new patients due to the spread of COVID-19.[2]

---

[2] Specifically, Charlene contacted Life Care Center of Las Vegas, The Heights of Summerlin, St. Joseph Transitional Rehabilitation Center, Gaye Haven Intermediate Care, Premier Health and Rehabilitation Center of Las Vegas, and Mission Pines Nursing and Rehab Facility.

4. The parties respectfully request this Court issue an Order continuing Charlene's self-surrender date for sixty (60) days. This continuance will allow Charlene to provide Terry with the daily care he needs while she continues to look for an assisted living facility that can provide Terry with adequate care while Charlene is in custody.

5. Charlene is currently out of custody and does not object to the continuance.

6. Counsel has discussed this matter with AUSA Kimberly Frayn, and she does not object to a sixty (60) day continuance of Charlene's self-surrender date.

7. This continuance is not sought for the purposes of delay.

## CONCLUSIONS OF LAW

Pursuant to 18 U.S.C. §3143(a), this Court may permit Charlene to voluntarily report to prison if it is determined by "clear and convincing evidence that she is not likely to flee or pose a danger to the safety of any other person or the community." Accordingly, 18 U.S.C. §3143(a) gives this Court the inherent authority to continue Charlene's self-surrender date as long as she is not a danger to the community or a flight risk. Charlene has been compliant with all of the conditions of her release since July of 2015, and as the Court previously determined in allowing her to remain at liberty she is neither a danger to the community nor a flight risk.

///

///

///

///

///

///

**ORDER**

IT IS THEREFORE ORDERED that the Stipulation to Continue Self-Surrender Date is GRANTED.

IT IS FURTHER ORDERED that CHARLENE SCOTT shall self-surrender to the designated Bureau of Prisons' facility on the  30th  Day of   October          , 2020.

DATED AND DONE this  13th  day of July, 2020.

_____
UNITED STATES DISTRICT COURT JUDGE
THE HONORABLE KENT J. DAWSON

6