UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:15-cr-00174-KJD-PAL |
| Plaintiff, | ORDER |
| v. | |
| CHARLENE SCOTT, | |
| Defendant. | |

Presently before the Court is Defendant Charlene Scott's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (#355). Plaintiff filed a response in opposition (#357) to which Defendant replied (#360).

I. Background

On September 5, 2018, this Court sentenced Scott to forty-six (46) months of custody after she pled guilty to two counts of Conspiracy to Commit Mail and Wire Fraud, six counts of Wire Fraud, and three counts of Mail Fraud, in violation of 18 U.S.C. §§ 1349, 1343, and 1341 respectively. From October 2009 to the spring of 2014, Scott, as part of a conspiracy with many defendants, defrauded hundreds of individuals and families, many elderly, of more than $11.9 million dollars in elaborate advance fee schemes. Scott solicited and received money purportedly to fund the victims' expenses to apply for government, private, and charitable grants for the victims' business, but instead, the funds were diverted to Scott's and others' personal gain. Scott was an integral participant in the schemes, including acting in a manager-supervisory capacity. She was directly responsible for approximately $2.39 million in victims' losses. See Plea Agreement, ECF 220. She was also directly involved in schemes that caused more than $11.5 million in loss.

The PSR correctly calculated a base offense level of 25. A two-level enhancement was applied because the victims were vulnerable. A four-level enhancement was applied because Scott was an organizer or leader of a criminal enterprise with more than five participants and was otherwise extensive. Scott received a three-level reduction for acceptance of responsibility, which resulted in a total offense level of 28. Scott's advisory guideline range was 78 to 87 months based on a total offense level 28 and Criminal History Category I. Probation recommended a downward variance to 63 months. At sentencing, the defense argued for an additional downward adjustment. The Court sentenced Scott to 46 months followed by five years of supervised release and ordered her to pay $3,573,042 in restitution. Defendant has not yet surrendered to begin serving her sentence, having been granted at least six (6) continuances, and has remained at liberty since she was processed following her initial appearance. The continuances of her surrender date were mostly based--pre-COVID19--on the health of her husband, and post-COVID19--on her own fears for her health.

II. Analysis

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 825 (2010). Compassionate release is among those limited circumstances wherein a court, authorized by statute, may modify a judgment of conviction. As amended by the First Step Act of 2018, the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), permits a district court, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," to "reduce the term of imprisonment (and [to] impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements

issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

There is no binding authority that has found that this Court can modify Defendant's sentence before she has surrendered or has found that the Court is prohibited from doing so. It appears by reading the plain language of the statute, reading all of § 3582 as a whole, that the purpose of the statute is to free the Bureau of Prisons first, to grant compassionate release of an in-custody defendant, and then to free the court to grant compassionate relief after a defendant has exhausted their administrative remedies. See 18 U.S.C. § 3582(c)(1)(A). The only portion of § 3582 that appears to allow the Court to act before Defendant has begun serving her sentence is § 18 U.S.C. § 3582(c)(1)(B) which allows the Court to modify a sentence in accordance with Federal Rule of Criminal Procedure 35 which recognizes that the Court should correct errors within fourteen (14) days of sentencing or reduce a sentence for substantial assistance within one year of sentencing. Therefore, the Court finds that it is without authority under the First Step to modify the sentence and place of service before she has even begun to serve her in-custody sentence. However, even if the Court had the authority, it would decline to do so because the Court finds that a custodial sentence is required under 18 U.S.C. § 3553 and extraordinary and compelling circumstances are lacking. Further, a more reasonable and just accommodation is within the authority of the Court: merely extending Defendant's self-surrender date.

The factors required under 18 U.S.C. § 3553, the number and age of Defendant's victims, in addition to the amount of loss, strongly counsel against modifying Defendant's sentence to what would amount to a few hours of time served. Defendant already received a substantial departure in her sentence from the Sentencing Guidelines low-end of seventy-eight (78) months custody and Probation recommended sixty-three (63) months custody to the forty-six (46) month sentence that the Court ordered. The Court took into consideration Defendant's age, health, family circumstances and lack of criminal history when it sentenced Defendant originally. That sentence is needed to reflect the serious nature of Defendant's crime which focused on defrauding vulnerable populations for large amounts of money. Society's need for retribution and deterrence will only be satisfied when those who commit such crimes pay a significant price that outweighs the benefit from stealing millions of dollars.

The Court cannot find extraordinary and compelling circumstances of a nature permanent enough to justify modifying Defendant's sentence. In this case, Defendant has managed to avoid paying her substantial debt to society due to her husband's extremely poor health and the Covid-19 pandemic. Defendant has enjoyed the benefits of substantial freedom since her indictment, guilty plea and sentencing. However, the pandemic is not permanent. Availability of a vaccine is approaching quickly and mercy may be shown to Defendant by extending, again, her surrender date. The Government does not oppose such an extension.

Therefore, the Court extends Defendant's self-surrender to the facility designated by the Bureau of Prisons to April 9, 2021. Defendant is hereby ordered to file a status report upon any material change in Defendant's health or Defendant's husband's health including a diagnosis of Covid-19 or vaccination against Covid-19.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant Charlene Scott's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (#355) is **GRANTED in part and DENIED in part**;

IT IS FURTHER ORDERED that Defendant's motion to modify sentence is **DENIED**;

IT IS FURTHER ORDERED that Defendant shall self-surrender at the facility and time designated by the BOP on April 9, 2021;

IT IS FURTHER ORDERED that the parties' Stipulation for Extension of Time (#363) is **DENIED as moot**.

Dated this 3rd day of December 2020.

Kent J. Dawson
United States District Judge